IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                               Case No. 13-10042-01-JTM

Leslie Lyle Camick,

        Defendant.

MEMORANDUM AND ORDER

Following a jury verdict, defendant Leslie Lyle Camick was convicted of mail fraud, wire fraud, and identity theft, based upon various transactions in which he had posed as his deceased brother Wayne B. Camick. In addition, Camick was convicted of one count (Count 7) of witness retaliation. This count was added by superseding indictment when, after the other charges in this case had been filed, Camick filed a separate federal civil rights action against some of the anticipated witnesses in the case.

On December 5, 2013, the court granted the defendants' motions to dismiss in *Camick v. Wattley*, Case No. 13-2361-JAR (Dkt. 43). Camick continues to actively litigate the action, however, and following the dismissal has filed two Motions to Stay (Dkt. 46, 49), two Motions to Alter or Amend (Dkt. 47, 56), a Motion for Leave to Proceed *in forma*

*pauperis* (Dkt. 58), and three motions asking for appointment of counsel. (Dkt. 50, 59, 61).

The government has now filed a motion pursuant to the Crime Victim's Rights Act (CVRA), 18 U.S.C. § 3771(a)(1) and (c)(1). The government asks the court to bar Camick from "filing any other pleadings" in *Camick v. Wattley*, and "from filing any court actions or pleadings relating to any of the defendants in that case." (Dkt. 110, at 1). In addition, the government requests that the court bar Camick from "having any contact, whether direct or indirect, in any way, with Wattley, her company Kaitraxx LLC, or the other defendants in *Camick v. Wattley*. Further, the government would have the court bar Camick from "filing any pleading whatever in any federal, state, or local court within the United States, except in this case, and then only through a licensed attorney." (Dkt. 110, at 5). The government further notes that the Victim Witness Protection Act (VWPA), 18 U.S.C. § 1514, specifically authorizes injunctions against the harassment of witnesses.

The defendant opposes the motion, stressing that all persons have a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). He also stresses that the government cited no case law in support of its motion. (Dkt. 111, at 1). While acknowledging limited experience in civil litigation, counsel for Camick suggests that his client "does appear [to have] a legitimate claim" under Kansas law for false arrest and tortious interference with business interests. (*Id*. at 2). And, as he did during the trial, Camick disputes the nature of his actions relating to Count 7, and argues that there was no evidence he actually knew Wattley was providing evidence to federal investigators until immediately before the trial. (*Id*. at 4).

In reply, the government otherwise acknowledges that it will be "virtually

impossible" for Camick to win any litigation he might pursue, through a combination of the practical effects of imprisonment and deportation, and the equitable doctrine of unclean hands. (Dkt. 112, at 1-2). Thus, while the government's motion may "seem drastic or excessive," it is necessary because Camick could force "those victims sued by Mr. Camick [to] incur thousands of real dollars of legal fees and expenses in the process" of defending his meritless claims. (*Id*. at 2). The government argues that a fair inference from the evidence is that Camick engaged in successful efforts to undermine Ms. Wattley's efforts to sell company equipment.

The CVRA recognizes that a victim of crime has "the right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1). The government contends that all of the named defendants in *Camick v. Wattley* are victims under the CVRA Count 7. In addition, Ms. Wattley and her company Kaitraxx LLC are victims under Counts 1 and 3.

The courts have recognized that meritless litigation may constitute obstruction of justice if it is determined to be "an attempt to intimidate or unlawfully influence a witness." *United States v. Kilbride*, 584 F.3d 1240, 1262 (9th Cir. 2009). Where such obstruction exists, the courts are empowered by the VWPA to enjoin the underlying litigation. Thus, actions filed without legitimate purpose may qualify as unlawful harassment and hence constitute an attempt to intimidate or unlawfully influence a witness. *See United States v. Lewis*, 411 F.3d 838, 845–46 (7th Cir.2005) (upholding injunction against harassing lawsuit under 18 U.S.C. § 1514); *United States v. Tison*, 780 F.2d 1569, 1571–73 (11th Cir.1986).

Under the VWPA, the court may enter a protect order if it "finds by a

preponderance of the evidence that harassment of an identified victim or witness in a Federal criminal case or investigation exists." 18 U.S.C. § 1514(b)(1). Such an order must "set forth the reasons for the issuance of such order, be specific in terms, [and] describe in reasonable detail the act or acts being restrained." § 1514(b)(4). The order may last "for such period as the court determines necessary to prevent harassment of the victim or witness but in no case for a period in excess of three years from the date of such order's issuance." § 1514(b)(5).[1]

Here, the jury determined, beyond a reasonable doubt, that Camick filed *Camick v. Wattley* with the intent to intimidate or harass witnesses in this case. Camick's argument that the conduct alleged in Count 7 cannot constitute a crime, because he did not know *for certain* that Wattley would testify at the criminal trial, is without merit. Obstruction may exist where the defendant takes harassing action against "[p]rospective," *MacArthur v. San Juan County*, 416 F.Supp.2d 1098, 1133 (D. Utah 2005) or "potential" witnesses. *See United States v. Cutro*, 458 F3d.Appx. 284, (4th Cir. 2011) (defendant found guilty under § 1513 for assaulting potential witness).

The First Superseding Indictment filed May 22, 2013, explicitly references the false

---

[1]The VWPA also specifies certain procedural protections, including the right to a hearing, the right to present evidence, and to cross-examine witnesses. 18 U.S.C. § 1514(3). Camick was accorded each of these rights throughout the trial. Further, while the Anti-Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from enjoining state court litigation, the VWPA acts as an exception to the general rule, since it creates "a specific and uniquely federal right or remedy ... that could be frustrated" in the absence of an injunction. *Mitcham v. Foster*, 407 U.S. 225, 237-38 (1972). *See United States v. Lewis*, 411 F.3d at 845 (noting in dicta that the VWPA "may well satisfy th[e] test" for an exception to the Anti-Injunction Act).

statements made in connection with Camick's Cowley County District Court litigation involving Wattley. (Dkt. 18, at 1). Both the evidence produced at the criminal trial — and Camick's own allegations in the civil action — make clear that Wattley and Camick had a personal relationship for several years, but later had a sharp falling out. Indeed, the Complaint filed by Camick in *Camick v. Wattley* explicitly asserts that Wattley "had given evidence to ICE to have [him] deported." (Dkt. 1, ¶ 55). Camick accordingly knew that Wattley would likely provide evidence in connection with the criminal trial. The jury determined that the civil action was intended to retaliate against Wattley, and this determination is supported by substantial evidence.

At the same time, however, the court must note that the injury to the defendants from *Camick v. Wattley*, Case No. 13-2361-JAR, has already largely occurred. The action has been dismissed. While, as noted earlier, Camick has filed several motions in an attempt to stave off defeat in the civil action, the defendants have already filed their responses to the post-dismissal motions. (See Dkt. No's 51, 52, 53, 54, 55, 63, 64, 65, 66).

The ability to grant injunctive relief is to prevent future harm, and the government has not shown that such future harm is likely to occur, given the near-terminal status of *Camick v. Wattley*. Accordingly, the court will provisionally deny the request for injunctive relief.

The defendant is specifically warned, however, that this denial is provisional in nature, and that future attempts to litigate against the defendants in *Camick v. Wattley*, or against the witnesses in the present criminal action, may cause the court to grant the relief sought by the government. Further, the defendant is specifically warned that the institution

or continued maintenance of retaliatory litigation may be taken into account in his sentencing.

IT IS SO ORDERED this 19th day of February, 2014 that the government's Motion for Order (Dkt. 110) is denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE