IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No. 13-10042-JTM

LESLIE LYLE CAMICK,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on multiple motions submitted by defendant Leslie Lyle Camick, who was found guilty of obstruction of justice, sentenced to 364 days of imprisonment, and one year of supervised release. Camick seeks to vacate his conviction on various grounds.[1] For the reason provided herein, the court hereby denies the motion to vacate.

The government argues that the present challenge is effectively moot, because Camick was deported to Canada following his conviction. In his response, Camick

---

[1] In addition, Camick has moved to proceed *in forma pauperis* (Dkt. 180), and for appointment of counsel. The motion to proceed *in forma pauperis* is granted for good cause shown. The court has previously denied two earlier motions by Camick for appointment of counsel to support his collateral challenge (Dkt. 172, 176), and the court finds no grounds for reaching a different conclusion. No appointment is required as Camick has demonstrated an ability to articulate his arguments, and the existing files and records of the court are sufficient to fully resolve the defendant's claims for relief. *See United States v. Galloway*, 56 F.2d 1239, 1240 n. 1 (10th Cir. 1995).

acknowledges the deportation, but notes that Immigration Judge Glen Baker indicated at the February 11, 2016 hearing that if Camick chose to voluntarily depart from the United States, he could return "as soon as you're given legal permission to do so."

But Camick has not demonstrated he is entitled to reenter the United States within any time in the near future. Several weeks after the immigration hearing, on February 29, 2016, the Department of Human Services (DHS) served Camick notice that "you are hereby prohibited from entering, attempting to enter, or being in the United States [f]or a period of 10 years from the date of your departure from the United States...." The DHS also dismissed Camick's appeal from the February 11 departure order, noting that Camick was deported pursuant to 8 U.S.C. § 1227(a)(1)(A), citing the facts that (a) he had originally entered into the United States without a valid immigrant visa or border crossing card, and he was "[i]nadmissible at time of entry" into the United States because of "[f]raud or willful misrepresentation of a material fact."

The DHS has determined that Camick should not be admitted to the United States for at least ten years. Camick's supervised release expired on November 12, 2016, shortly after he filed his motion to vacate. The DHS has imposed this bar for reasons which are independent of the defendant's criminal conviction in this court. Accordingly, the court finds any collateral consequences raised by the defendant's motion to be wholly speculative, and determines that the claims herein are effectively moot. *See United States v. Hernandez-Baide*, 2005 WL 2050270 (10th Cir. 2005).

Even if the court were to consider Camick's claims on the merits, it would determine

they were insufficient. Camick claims that the government committed a "*Brady* violation" by entering into an agreement with an insurance company and a witness to seek an injunction to prevent him from filing future lawsuits, that the court violated his due process rights in its rulings, that his appellate counsel was ineffective in deciding not to raise an additional constitutional argument, and that the Tenth Circuit misconstrued the facts of the case.

The court finds no merit to these claims. Camick has supplied no evidentiary support whatsoever for the supposed *Brady* violation, offering mere speculation and hypothetical questions as to the possible existence of an agreement between the government and the insurance company in both his original motion and his reply. (Dkt. 179, at 4; Dkt. 185, at 9). The defendant's appellate counsel was in fact *highly effective*, obtaining a reversal of his conviction on six of seven counts. Counsel's decision to forego additional arguments reflects precisely the sort of tactical decision which is properly reserved to an attorney. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Camick has failed to show that his counsel was constitutionally ineffective.

Camick's remaining claims center on the inference which might be drawn from the civil action he brought against a key witness in the criminal trial, shortly after the Indictment in the present action. Thus, he premises his due process claim on two instances in which the court made evidentiary rulings on the issue, and further complains that the Tenth Circuit erred in drawing an inference of retaliation, since, he states, he "had been planning [the] civil action for over 12 months." (Dkt. 179, at 9).

The defendant was free at trial and on appeal to argue the absence of any retaliatory intent. The Tenth Circuit reviewed the evidence and upheld Camick's conviction for obstruction of justice. In the context of the present motion to vacate, he has failed to demonstrate any constitutional deprivation.

Finally, the court will grant the government's request that no certification of appealability shall issue. A district court may issue a certificate if the defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). The defendant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the defendant was essentially given a time-served sentence followed by one year of supervised release. The defendant was removed from the United States and the government has determined that he should not reenter for a period of ten years. The defendant's motion challenging the remaining few months of supervised release is effectively moot. Moreover, the defendant's motion lacks any substantive merit, resting on pure speculation and a complete failure to acknowledge the highly successful result obtained by his counsel. Under the circumstances of the case, denial of a certificate of appeal is appropriate. *See Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010).

IT IS ACCORDINGLY ORDERED this 23rd day of December, 2016, that the defendant's Motions to Vacate (Dkt. 179) and Appointment (Dkt. 183) are hereby denied. Defendant's Motion to Proceed In Forma Pauperis (Dkt. 180) is granted. No certificate of appealability will issue.

      ___s/ J. Thomas Marten_____
      J. THOMAS MARTEN, JUDGE